**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**DONALD ELKINS**                                                                                             **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:08CV-P-157-S**

**KENTUCKY STATE POLICE** *et al.*                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Donald Elkins, an inmate at the Marion Adjustment Center, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action must be dismissed.

**I.**

Plaintiff brings this action against the Kentucky State Police (KSP), KSP Trooper Kevin Burton, and unknown employees of the KSP post in Elizabethtown and other locations. He sues Defendants in their individual and official capacities and seeks compensatory and punitive damages. Plaintiff claims Defendant Burton violated his federal constitutional rights by using excessive force during a traffic stop and arrest that occurred on October 12, 2006. Plaintiff also claims that during the arrest his "constitutional rights were violated by denying me protection from unreasonable search and seizure, being compelled to be a witness against oneself, being denied of liberty without due process, and the infliction of cruel and unusual punishment." Plaintiff alleges that the "unknown officers were negligent in [Defendant Burton's] supervision and training."

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must

dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, --U.S.--, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). In *Wallace v. Kato*, the United States Supreme Court held that the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *See Wallace v. Kato*, 127 S. Ct. at 1100. The Supreme Court has also recently held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).

In this case, Plaintiff's 42 U.S.C. § 1983 claims arise out of police conduct that occurred during Plaintiff's arrest on October 12, 2006. Plaintiff knew or should have known of the injury that formed the basis of his claims on that date. The statute of limitations for Plaintiff's § 1983 cause of action, therefore, expired at the latest on October 12, 2007. Plaintiff did not file the instant lawsuit until March 17, 2008, well over five months after the statute-of-limitations deadline. As such, his

§ 1983 claims are time barred.

## IV.

For the reasons set forth above, Plaintiff's § 1983 claims will be dismissed for failure to state a claim upon which relief can be granted. Because Plaintiff's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

Date:




cc:     Plaintiff, *pro se*
        Defendants
4411.008